IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DELCOR ASSET CORPORATION, and PRESTIUM PHARMA, INC.<br><br>Plaintiffs,<br><br>v.<br><br>TARO PHARMACEUTICAL INDUSTRIES, LTD., TARO PHARMACEUTICALS U.S.A., INC., and STIEFEL WEST COAST, LLC<br><br>Defendants. | ) | C.A. No. _______ |

**COMPLAINT**

In this patent infringement action, Plaintiffs Delcor Asset Corporation ("Delcor") and Prestium Pharma, Inc. ("Prestium") (collectively, "Plaintiffs"), for their complaint against Defendants Taro Pharmaceutical Industries, Ltd. ("Taro Pharma"),Taro Pharmaceuticals U.S.A., Inc. ("Taro USA"), and Stiefel West Coast, LLC ("Stiefel"), allege as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, in response to the filing by Taro Pharma of Abbreviated New Drug Application ("ANDA") No. 208563 with the U.S. Food and Drug Administration ("FDA") seeking approval to manufacture and sell a generic version of Olux-E® prior to the expiration of U.S. Patent No. 6,730,288 ("the '288 patent") and U.S. Patent No. 7,029,659 ("the '659 patent") (collectively, "the Patents-in-Suit").

## THE PARTIES

2. Plaintiff Delcor is a corporation organized and existing under the laws of Delaware, having a principal place of business at 272 East Deerpath Road, Suite 220, Lake Forest, Illinois, 60045.

3. Delcor is the exclusive licensee of the Patents-in-Suit.

4. Plaintiff Prestium is a corporation organized and existing under the laws of Delaware, having a principal place of business at 411 S. State St., Suite E-100, Newtown, Pennsylvania 18940.

5. On information and belief, Defendant Stiefel is a limited liability company organized and existing under the laws of Delaware, having a principal place of business at 3160 Porter Drive Palo Alto, California 94304. On information and belief, Stiefel has a registered agent in Delaware, namely, Corporation Service Company, 2711 Centerville Rd. Suite 400, Wilmigton, DE 19808.

6. Stiefel is the owner of the Patents-in-Suit.

7. Stiefel has been joined as a defendant in this action, pursuant to Rule 19(a) of the Federal Rules of Civil Procedure. *See Indep. Wireless Tel. Co. v. Radio Corp. of Am.*, 269 U.S. 459 (1926) ("If the owner of a patent, being within the jurisdiction, refuses or is unable to join an exclusive licensee as coplaintiff, the licensee may make him a party defendant by process, and he will be lined up by the court in the party character which he should assume."); *AsymmetRx, Inv. v. Biocare Med.*, 582 F.3d 1314 (Fed. Cir. 2009) ("A patentee that does not voluntarily join an action prosecuted by its exclusive licensee can be joined as a defendant . . . ."); *Int'l Rediscount Corp. v. Hartford Accident & Indem. Co.*, 425 F. Supp. 669 (D. Del. 1997) ("An involuntary plaintiff is a party who is obligated to assist in prosecuting an action or to permit its name to be used but refuses to do so and who is thereafter joined . . . If a party is subject to service, however,

it is not joined as an ‘involuntary plaintiff’. Rather, it is served, joined as a defendant, and then realigned by the Court in the ‘character which [it] should assume’.”).

8. Delcor and Prestium requested that Stiefel join the present suit as a co-plaintiff, but Stiefel declined that request and refused to voluntarily join as a co-plaintiff.

9. On information and belief, Stiefel is subject to service in Delaware because it has a registered agent in Delaware and is registered as a Delaware limited liability company. After Stiefel has been served with the complaint, Plaintiffs will respectfully request that the Court realign Stiefel as a co-plaintiff pursuant to *Independent Wireless*, *AsymmetRx*, and *Int'l Rediscount*.

10. On information and belief, Defendant Taro Pharma is a corporation organized and existing under the laws of Israel with its principal place of business at 14 Hakitor Street, Haifa Bay 2624761, Israel.

11. On information and belief, Defendant Taro USA is a company organized and existing under the laws of the State of New York, with a principal place of business at 3 Skyline Drive, Hawthorne, New York 10532. On information and belief, Taro USA has a registered agent C T Corporation System, 111 Eighth Avenue, New York, NY 10011. Taro USA is the authorized U.S. agent for ANDA No. 208563.

12. On information and belief Defendants Taro Pharma and Taro USA (collectively, “Taro”) collaborate to manufacture, import, market, distribute, and sell pharmaceutical products (including generic drug products manufactured and sold pursuant to approved abbreviated new drug applications) in the State of Delaware and the United States.

## <u>JURISDICTION AND VENUE</u>

13. This action for patent infringement arises under 35 U.S.C. § 1 *et seq*. generally, and 35 U.S.C. § 271 specifically.

14. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

15. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

16. This Court has personal jurisdiction over each of the Defendants by virtue of, *inter alia*, their systematic and continuous contacts with Delaware, the reasons set forth below, and for other reasons that will be developed and presented to the Court if personal jurisdiction is challenged.

17. This Court has personal jurisdiction over Stiefel, because Stiefel is a Delaware limited liability company and maintains a registered agent in Delaware. Stiefel purposefully availed itself of the rights and benefits of this District by registering itself as a limited liability company in the District of Delaware and maintaining a registered agent in the District of Delaware.

18. On information and belief, Taro Pharma is a global specialty pharmaceutical company engaged in the development, manufacturing, marketing, and distribution of generic, branded generic, brand name, biosimilar and over-the-counter pharmaceutical products. On information and belief, Taro Pharma and its subsidiaries, including Taro USA, predominantly market their generic products to various drug wholesalers, mail order, government and national retail drug and food store chains. On information and belief, these generic products are marketed, distributed, and sold in the District of Delaware and throughout the United States.

19. On information and belief, Taro is the owner of ANDA No. 208563.

20. On information and belief, Taro will market, distribute, and/or sell the generic products that are the subject of ANDA No. 208563 in the District of Delaware.

21. This Court has personal jurisdiction over Taro, by virtue of, *inter alia*, their activities (e.g., filing the ANDA No. 208563 seeking approval to market a generic version of Olux-E® prior to the expiration of the Patents-in-Suit along with a Paragraph IV certification regarding its intent to market a generic version of Olux-E® and sending notice of that Paragraph IV certification), which were purposefully directed to the State of Delaware, where Plaintiffs are organized. As a result, the consequences of Taro's actions were (and will be) suffered in Delaware. Taro knew or should have known that Plaintiffs are organized in Delaware and thus Taro knew or should have known that the consequences of its actions were (and will be) suffered in Delaware.

22. This Court also has personal jurisdiction over Taro because at the time Defendants sent notice of a Paragraph IV certification, it was reasonably foreseeable that Defendants would be sued within 45 days in this District, where Plaintiffs are organized.

23. This Court also has personal jurisdiction over Taro because, on information and belief, Taro has previously availed itself of this forum for purposes of litigating its patent disputes. For example, Taro brought a patent infringement lawsuit in this district to protect two patents on July 28, 2014 (C.A. No. 14-989 (RGA)). Taro USA was listed as a Plaintiff, and Taro states that it had filed the lawsuit in its Securities and Exchange Commission Form 20-F, for the fiscal year ended March 31, 2015. Additionally, Taro USA brought another patent infringement lawsuit in this district on September 22, 2015 (C.A. No. 15-859 (RGA)).

24. Taro has not contested, and has otherwise submitted to, the personal jurisdiction of the United States District Court for the District of Delaware in numerous recent actions, such as at least *Vanda Pharmaceuticals Inc. v. Taro Pharmaceuticals USA, Inc. et al*, C.A. No. 1:15-cv-00920-GMS, *Salix Pharmaceuticals, Inc. et al v. Taro Pharmaceuticals U.S.A., Inc.*, C.A. No.

1:15-cv-00900-SLR, *Medicis Pharmaceutical Corporation v. Taro Pharmaceutical USA Inc. et al*, C.A. No. 1:10-cv-00359-SLR. Taro purposefully availed itself of the rights and benefits of this District by asserting counterclaims in this Court in a number of the foregoing actions.

25. On information and belief, Taro, directly, or through related companies, has engaged in substantial and continuous contacts with Delaware that satisfy due process and confer personal jurisdiction over Taro in Delaware.

**THE PATENTS-IN-SUIT**

26. On May 4, 2004, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,730,288 ("the '288 patent"). A true and correct copy of the '288 patent is attached hereto as Exhibit A.

27. The '288 patent is titled "Mousse Composition" and is directed toward pharmaceutical aerosol foams that include an effective amount of a pharmaceutically active ingredient, an occlusive agent, an aqueous solvent, and an organic cosolvent.

28. Defendant Steifel owns all rights, title and interest in the '288 patent and is the current assignee of the '288 patent.

29. Plaintiff Delcor is the exclusive licensee of the '288 patent.

30. On April 18, 2006, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,029,659 ("the '659 patent"). On June 23, 2009, the United States Patent and Trademark Office duly and legally issued a reexamination certificate for the '659 patent. A true and correct copy of the '659 patent, including the reexamination certificate is attached hereto as Exhibit B.

31. The '659 patent is titled "Mousse Composition" and is directed toward topical mousse foams that contain an occlusive agent, an aqueous solvent, and an organic cosolvent, in amounts sufficient to allow the occlusive agent to form an occlusive layer on the skin.

32. Defendant Steifel owns all rights, title and interest in the ‘659 patent and is the current assignee of the ‘659 patent.

33. Plaintiff Delcor is the exclusive licensee of the ‘659 patent.

34. Plaintiff Delcor holds New Drug Application (“NDA”) No. N022013 for the manufacture and sale of clobetasol propionate topical aerosol foam 0.05%, which is marketed under the name Olux-E® in the United States.

35. Plaintiff Prestium markets and distributes Olux-E® throughout the United States.

36. Olux-E® is covered by one or more claims of both the ‘288 patent and ‘659 patent, which are listed in connection with Olux-E® in the FDA’s publication, *Approved Drug Products with Therapeutic Equivalence Evaluations* (the “Orange Book”) as patents “with respect to which a claim of patent infringement could reasonably be asserted if a person not licensed by the owner engaged in the manufacture, use, or sale of” clobetasol propionate emulsion foam 0.05%. *See* 21 U.S.C. § 355(b)(1).

**<u>TARO’S INFRINGING ANDA SUBMISSION</u>**

37. On information and belief, Taro filed ANDA No. 208563 with the FDA in its name seeking approval to market a generic copy of Olux-E® (the “ANDA Product”) prior to the expiration of the Patents-in-Suit. On information and belief, Taro intends to engage in the commercial manufacture, use and/or sale of the ANDA Product promptly upon receiving FDA approval to do so.

38. Taro’s ANDA No. 208563 contains a “Paragraph IV” certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) alleging that the Patents-in-Suit are “invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, or sale” of the ANDA Product.

39. On or about January 18, 2016, Plaintiffs received a letter dated January 15, 2016 (the "Notice Letter") purporting to be notice of Taro's ANDA No. 208563 and "Paragraph IV" certification(s) under § 505(j)(2)(B)(iv) of the Federal Food, Drug, and Cosmetic Act.

40. On information and belief, ANDA No. 208563 seeks approval of Taro's ANDA Product that is the same, or substantially the same, as Olux-E®.

41. This action was commenced by Plaintiffs within 45 days of Plaintiffs' receipt of the Notice Letter.

42. Taro's submission of ANDA No. 208563 is an act of infringement of the Patents-in-Suit under 35 U.S.C. § 271(e)(2)(A).

**COUNT I: INFRINGEMENT OF THE '288 PATENT**

43. Plaintiffs incorporate and reallege paragraphs 1 through 42 above, as if set forth in full herein.

44. Taro had knowledge of the '288 patent when it submitted and filed ANDA No. 208563.

45. Taro's filing of ANDA No. 208563 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale and/or importation into the United States of the ANDA Product before the expiration date of the '288 patent is an act of infringement of the '288 patent under 35 U.S.C. § 271(e)(2)(A).

46. On information and belief, unless enjoined by this Court, Taro plans and intends to engage in the manufacture, use, offer for sale, sale, and/or importation into the United States of the ANDA Product immediately following the FDA's approval of ANDA No. 208563.

47. On information and belief, Taro's ANDA Product, will, if approved and manufactured, used, offered for sale, sold, and/or imported into the United States, infringe, either literally or under the doctrine of equivalents, at least one claim of the '288 patent.

48. The commercial manufacture, use, offer for sale, sale, and/or importation into the United States of the ANDA Product, would infringe, literally or under the doctrine of equivalents, one or more claims of the ‘288 patent under 35 U.S.C. § 271(a).

49. Plaintiffs are entitled to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the FDA set the effective date of approval for Defendants ANDA No. 208563 to be a date which is not any earlier than the expiration date of the ‘288 patent, including any extensions of that date.

50. Unless Defendants are enjoined from the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of the ANDA Product, Plaintiffs will suffer substantial and irreparable harm for which they have no adequate remedy at law.

**COUNT II: DECLARATORY JUDGMENT**
**OF INFRINGEMENT OF THE ‘288 PATENT**

51. Plaintiffs incorporate and reallege paragraphs 1 through 50 above, as if set forth in full herein.

52. These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

53. There is an actual case or controversy such that the Court may entertain Plaintiffs’ request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

54. Taro has made, and will continue to make, substantial preparation in the United States to manufacture, use, offer to sell, sell, and/or import into the United States Taro’s ANDA Product before the expiration of the ‘288 patent, including Taro’s filing of ANDA No. 208563.

55. On information and belief, any commercial manufacture, use, offer for sale, sale, and/or importation of Taro's ANDA Product will directly infringe, either literally or under the doctrine of equivalents, at least one claim of the '288 patent under 35 U.S.C. § 271(a).

56. Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer for sale, sale, and/or importation into the United States of Taro's ANDA Product will constitute infringement of at least one claim of the '288 patent under 35 U.S.C. § 271(a).

## COUNT III: INFRINGEMENT OF THE '659 PATENT

57. Plaintiffs incorporate and reallege paragraphs 1 through 42 above, as if set forth in full herein.

58. Taro had knowledge of the '659 patent when it submitted and filed ANDA No. 208563.

59. Taro's filing of ANDA No. 208563 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale and/or importation into the United States of the ANDA Product before the expiration date of the '659 patent is an act of infringement of the '659 patent under 35 U.S.C. § 271(e)(2)(A).

60. On information and belief, unless enjoined by this Court, Taro plans and intends to engage in the manufacture, use, offer for sale, sale, and/or importation into the United States of the ANDA Product immediately following the FDA's approval of ANDA No. 208563.

61. On information and belief, Taro's ANDA Product, will, if approved and manufactured, used, offered for sale, sold, and/or imported into the United States, infringe, either literally or under the doctrine of equivalents, at least one claim of the '659 patent.

62. The commercial manufacture, use, offer for sale, sale, and/or importation into the United States of the ANDA Product, would infringe, literally or under the doctrine of equivalents, one or more claims of the ‘659 patent under 35 U.S.C. § 271(a).

63. Plaintiffs are entitled to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the FDA set the effective date of approval for Defendants ANDA No. 208563 to be a date which is not any earlier than the expiration date of the ‘659 patent, including any extensions of that date.

64. Unless Defendants are enjoined from the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of the ANDA Product, Plaintiffs will suffer substantial and irreparable harm for which they have no adequate remedy at law.

**COUNT IV: DECLARATORY JUDGMENT**
**OF INFRINGEMENT OF THE ‘659 PATENT**

65. Plaintiffs incorporate and reallege paragraphs 1 through 42 and 57 through 64 above, as if set forth in full herein.

66. These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

67. There is an actual case or controversy such that the Court may entertain Plaintiffs’ request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

68. Taro has made, and will continue to make, substantial preparation in the United States to manufacture, use, offer to sell, sell, and/or import into the United States Taro’s ANDA Product before the expiration of the ‘659 patent, including Taro’s filing of ANDA No. 208563.

69. On information and belief, any commercial manufacture, use, offer for sale, sale, and/or importation of Taro's ANDA Product will directly infringe, either literally or under the doctrine of equivalents, at least one claim of the '659 patent under 35 U.S.C. § 271(a).

70. Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer for sale, sale, and/or importation into the United States of Taro's ANDA Product will constitute infringement of at least one claim of the '659 patent under 35 U.S.C. § 271(a).

## **EXCEPTIONAL CASE**

71. This case is exceptional, and Plaintiffs are entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests the following relief:

A. The entry of judgment that the '288 patent is valid and enforceable;

B. The entry of judgment that one or more claims of the '288 patent would be infringed by the ANDA Product, either literally or under the doctrine of equivalents; that Defendants' submission of ANDA No. 208563 is an act of infringement of the '288 patent; and that Defendants' making, using, offering to sell, selling, marketing, distributing, or importing into the United States the ANDA Product, or any product that infringes the '288 patent prior to the expiration of the '288 patent would infringe the '288 patent;

C. The entry of an order pursuant to 35 U.S.C. § 271(e)(4) directing the FDA not to approve Defendants' ANDA No. 208563, or, as the case may be, to change the effective date of approval of Defendants' ANDA No. 208563 to a date not earlier than the expiration date of the '288 patent, including any extension of that date;

D. The entry of a permanent injunction enjoining each of the Defendants, their officers, directors, agents, servants, employees, successors and assigns, and all others in concert and privity with them, from making, using, offering to sell, selling, marketing, distributing, or importing into the United States the ANDA Product, or any other products not colorably different, that infringe the ‘288 patent, until after its expiration, including any extensions.

E. Damages or other monetary relief, including prejudgment interest, if Defendants engage in the commercial manufacture, use, offering to sell, sale, marketing, distribution, or importation into the United States of the ANDA Product, or any other products that infringe the ‘288 patent prior to the expiration of the ‘288 patent, including any extensions;

F. The entry of judgment that the ‘659 patent is valid and enforceable;

G. The entry of judgment that one or more claims of the ‘659 patent would be infringed by the ANDA Product, either literally or under the doctrine of equivalents; that Defendants’ submission of ANDA No. 208563 is an act of infringement of the ‘659 patent; and that Defendants’ making, using, offering to sell, selling, marketing, distributing, or importing into the United States the ANDA Product, or any product that infringes the ‘659 patent prior to the expiration of the ‘659 patent would infringe the ‘659 patent;

H. The entry of an order pursuant to 35 U.S.C. § 271(e)(4) directing the FDA not to approve Defendants’ ANDA No. 208563, or, as the case may be, to change the effective date of approval of Defendants’ ANDA No. 208563 to a date not earlier than the expiration date of the ‘659 patent, including any extension of that date;

I. The entry of a permanent injunction enjoining each of the Defendants, their officers, directors, agents, servants, employees, successors and assigns, and all others in concert and privity with them, from making, using, offering to sell, selling, marketing, distributing, or

importing into the United States the ANDA Product, or any other products not colorably different, that infringe the ‘659 patent, until after its expiration, including any extensions.

J. Damages or other monetary relief, including prejudgment interest, if Defendants engage in the commercial manufacture, use, offering to sell, sale, marketing, distribution, or importation into the United States of the ANDA Product, or any other products that infringe the ‘659 patent prior to the expiration of the ‘659 patent, including any extensions;

K. The entry of judgment that, in view of Defendants’ relevant acts, this case is an exceptional case under 35 U.S.C. § 285, entitling Plaintiffs to an award of its reasonable attorneys’ fees for bringing and prosecuting this action;

L. An award of pre-judgment and post-judgment interest on each and every award;

M. An award of Plaintiffs’ costs and expenses in bringing and prosecuting this action; and

N. Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

/s/ *Adam W. Poff*

Adam W. Poff (No. 3990)
Pilar G. Kraman (No. 5199)
Rodney Square
1000 N. King Street
Wilmington, DE 19801
(302) 571-6600
apoff@ycst.com
pkraman@ycst.com

OF COUNSEL:

Jeffrey R. Gargano
Kevin P. Shortsle
Zachary D. Miller
MCDERMOTT WILL & EMERY LLP
227 W Monroe Street, Suite 4400
Chicago, IL 60606
(312) 372-2000
jgargano@mwe.com
kshortsle@mwe.com
zmiller@mwe.com

*Attorneys for Plaintiffs*

Dated: March 1, 2016

DM_US 70500784-2.097532.0012