**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

DELCOR ASSET CORPORATION, and PRESTIUM PHARMA, INC.

*Plaintiffs,*

v.

TARO PHARMACEUTICAL INDUSTRIES, LTD., TARO PHARMACEUTICALS U.S.A., INC.,

*Defendants*

and STIEFEL WEST COAST, LLC

*Defendant.*

---

TARO PHARMACEUTICAL INDUSTRIES, LTD., TARO PHARMACEUTICALS U.S.A., INC.,

*Counterclaim Plaintiffs,*

v.

DELCOR ASSET CORPORATION, and PRESTIUM PHARMA, INC.

*Counterclaim Defendants,*

and STIEFEL WEST COAST, LLC

*Crossclaim Defendant.*

C.A. No. 16-117-GMS

**DEFENDANTS TARO PHARMACEUTICAL INDUSTRIES, LTD.'S AND TARO PHARMACEUTICALS U.S.A., INC.'S ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND CROSSCLAIMS**

## ANSWER

Defendants Taro Pharmaceutical Industries, Ltd. ("Taro Pharma") and Taro Pharmaceuticals U.S.A., Inc. ("Taro USA") (collectively, "Taro") as their Answer to the numbered paragraphs in the Complaint of Plaintiffs Delcor Asset Corporation and Prestium Pharma, Inc. ("Plaintiffs"), respond and alleges as follows, based upon Taro's knowledge as to its own activities, and upon information and belief as to the activities of others:

## NATURE OF THE ACTION[1]

1. This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, in response to the filing by Taro Pharma of Abbreviated New Drug Application ("ANDA") No. 208563 with the U.S. Food and Drug Administration ("FDA") seeking approval to manufacture and sell a generic version of Olux-E® prior to the expiration of U.S. Patent No. 6,730,288 ("the '288 patent") and U.S. Patent No. 7,029,659 ("the '659 patent") (collectively, "the Patents-in-Suit").

**Answer to 1:** Paragraph 1 contains legal conclusions to which no answer is required. To the extent an answer is required, Taro admits that this action purports to allege patent infringement of United States Patent Nos. 6,730,288 ("the '288 patent") and U.S. Patent No. 7,029,659 ("the '659 patent") (collectively, "the Patents-in-Suit") under the United States Patent Laws, Title 35, United States Code, but Taro Pharma and Taro USA deny that the Complaint states such a cause of action and/or that Taro has committed or will commit any acts giving rise to such a cause of action. Taro admits that this action additionally purports to relate to Abbreviated New Drug Application ("ANDA") No. 208563. Taro further admits that it submitted ANDA No. 208563 to the United States Food and Drug Administration ("FDA") for

[1] The section headings in this Answer are provided solely for ease of reference, tracking those used in Plaintiffs' Complaint, and do not constitute any part of Taro's Answer to the Complaint, or any form of admission by Taro as to the truth of the matters asserted by Plaintiffs.

approval to manufacture and sell a clobetasol propionate foam, 0.05% w/w (emulsion) product prior to expiration of the Patents-in-Suit. Taro Pharma and Taro USA deny any remaining allegations in paragraph 1.

## THE PARTIES

2. Plaintiff Delcor is a corporation organized and existing under the laws of Delaware, having a principal place of business at 272 East Deerpath Road, Suite 220, Lake Forest, Illinois, 60045.

**Answer to 2:** Taro is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, and therefore denies those allegations.

3. Delcor is the exclusive licensee of the Patents-in-Suit.

**Answer to 3:** Taro is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3, and therefore denies those allegations.

4. Plaintiff Prestium is a corporation organized and existing under the laws of Delaware, having a principal place of business at 411 S. State St., Suite E-100, Newtown, Pennsylvania 18940.

**Answer to 4:** Taro is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4, and therefore denies those allegations.

5. On information and belief, Defendant Stiefel is a limited liability company organized and existing under the laws of Delaware, having a principal place of business at 3160 Porter Drive Palo Alto, California 94304. On information and belief, Stiefel has a registered agent in Delaware, namely, Corporation Service Company, 2711 Centerville Rd. Suite 400, Wilmington, DE 19808.

**Answer to 5:** Taro is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5, and therefore denies those allegations.

6. Stiefel is the owner of the Patents-in-Suit.

**Answer to 6:** Taro is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6, and therefore denies those allegations.

7. Stiefel has been joined as a defendant in this action, pursuant to Rule 19(a) of the Federal Rules of Civil Procedure. *See Indep. Wireless Tel. Co. v. Radio Corp. of Am.*, 269 U.S. 459 (1926) ("If the owner of a patent, being within the jurisdiction, refuses or is unable to join an exclusive licensee as coplaintiff, the licensee may make him a party defendant by process, and he will be lined up by the court in the party character which he should assume."); *AsymmetRx, Inv. v. Biocare Med.*, 582 F.3d 1314 (Fed. Cir. 2009) ("A patentee that does not voluntarily join an action prosecuted by its exclusive licensee can be joined as a defendant . . . ."); *Int'l Rediscount Corp. v. Hartford Accident & Indem. Co.*, 425 F. Supp. 669 (D. Del. 1997) ("An involuntary plaintiff is a party who is obligated to assist in prosecuting an action or to permit its name to be used but refuses to do so and who is thereafter joined . . . If a party is subject to service, however, it is not joined as an 'involuntary plaintiff'. Rather, it is served, joined as a defendant, and then realigned by the Court in the 'character which [it] should assume'.").

**Answer to 7:** Paragraph 7 contains legal conclusions to which no answer is required. To the extent an answer is required, Taro is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7, and therefore denies those allegations.

8. Delcor and Prestium requested that Stiefel join the present suit as a co-plaintiff, but Stiefel declined that request and refused to voluntarily join as a co-plaintiff.

**Answer to 8:** Taro is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8, and therefore denies those allegations.

9. On information and belief, Stiefel is subject to service in Delaware because it has a registered agent in Delaware and is registered as a Delaware limited liability company. After Stiefel has been served with the complaint, Plaintiffs will respectfully request that the Court realign Stiefel as a co-plaintiff pursuant to *Independent Wireless*, *AsymmetRx*, and *Int'l Rediscount*.

**Answer to 9:** Paragraph 9 contains legal conclusions to which no answer is required. To the extent an answer is required, Taro is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9, and therefore denies those allegations.

10. On information and belief, Defendant Taro Pharma is a corporation organized and existing under the laws of Israel with its principal place of business at 14 Hakitor Street, Haifa Bay 2624761, Israel.

**Answer to 10:** Taro admits that Taro Pharma is a corporation organized and existing under the laws of Israel. Taro further admits that Taro Pharma has a place of business at 14 Hakitor Street, Haifa Bay 2624761, Israel. Taro Pharma and Taro USA deny any remaining allegations in paragraph 10.

11. On information and belief, Defendant Taro USA is a company organized and existing under the laws of the State of New York, with a principal place of business at 3 Skyline Drive, Hawthorne, New York 10532. On information and belief, Taro USA has a registered agent C T Corporation System, 111 Eighth Avenue, New York, NY 10011. Taro USA is the authorized U.S. agent for ANDA No. 208563.

**Answer to 11:** Taro admits that Taro USA is a company organized and existing under the laws of the State of New York. Taro further admits that Taro USA has a place of business at 3 Skyline Drive, Hawthorne, New York 10532. Taro further admits that Taro USA has a registered agent C T Corporation System, 111 Eighth Avenue, New York, NY 10011. Taro further admits that Taro USA is the authorized U.S. agent for ANDA No. 208563. Taro Pharma and Taro USA deny any remaining allegations in paragraph 11.

12. On information and belief Defendants Taro Pharma and Taro USA (collectively, "Taro") collaborate to manufacture, import, market, distribute, and sell pharmaceutical products (including generic drug products manufactured and sold pursuant to approved abbreviated new drug applications) in the State of Delaware and the United States.

**Answer to 12:** Paragraph 12 contains legal conclusions to which no answer is required. To the extent an answer is required, Taro Pharma admits that it is in the business of, among other things, developing certain generic pharmaceutical products. Taro Pharma and Taro USA deny any remaining allegations in paragraph 12.

## JURISDICTION AND VENUE

13. This action for patent infringement arises under 35 U.S.C. § 1 et seq. generally, and 35 U.S.C. § 271 specifically.

**Answer to 13:** Taro Pharma admits that this action purports to allege patent infringement under the Patent Laws of the United States, including 35 U.S.C. § 271, but Taro Pharma and Taro USA deny that the Complaint states such a cause of action and/or that Taro Pharma or Taro USA has committed or will commit any acts giving rise to such a cause of action. Taro Pharma and Taro USA deny any remaining allegations in paragraph 13.

14. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

**Answer to 14:** Paragraph 14 contains legal conclusions to which no answer is required. To the extent an answer is required, Taro admits that Plaintiffs assert that the Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202. For purposes of this action only, Taro Pharma and Taro USA do not contest that this Court has subject matter jurisdiction over this action. Taro Pharma and Taro USA deny any remaining allegations in paragraph 14.

15. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

**Answer to 15:** Paragraph 15 contains legal conclusions to which no answer is required. To the extent an answer is required, and, only for purposes of this action, Taro Pharma and Taro USA admit that Plaintiffs purport to base venue on 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b). For purposes of this action, Taro Pharma and Taro USA do not contest venue in this District. Taro Pharma and Taro USA deny any remaining allegations in paragraph 15.

16. This Court has personal jurisdiction over each of the Defendants by virtue of, *inter alia*, their systematic and continuous contacts with Delaware, the reasons set forth below, and for other reasons that will be developed and presented to the Court if personal jurisdiction is challenged.

**Answer to 16:** Paragraph 16 contains legal conclusions to which no answer is required. To the extent an answer is required, For purposes of this action, Taro Pharma and Taro USA do

not contest this Court's personal jurisdiction over it solely for purposes of this action. With respect to personal jurisdiction over Stiefel, Taro is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16, and therefore denies those allegations. For purposes of this action, Taro Pharma and Taro USA deny any remaining allegations in paragraph 16.

17. This Court has personal jurisdiction over Stiefel, because Stiefel is a Delaware limited liability company and maintains a registered agent in Delaware. Stiefel purposefully availed itself of the rights and benefits of this District by registering itself as a limited liability company in the District of Delaware and maintaining a registered agent in the District of Delaware.

**Answer to 17:** Paragraph 17 contains legal conclusions to which no answer is required. To the extent an answer is required, Taro Pharma and Taro USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17, and therefore deny those allegations.

18. On information and belief, Taro Pharma is a global specialty pharmaceutical company engaged in the development, manufacturing, marketing, and distribution of generic, branded generic, brand name, biosimilar and over-the-counter pharmaceutical products. On information and belief, Taro Pharma and its subsidiaries, including Taro USA, predominantly market their generic products to various drug wholesalers, mail order, government and national retail drug and food store chains. On information and belief, these generic products are marketed, distributed, and sold in the District of Delaware and throughout the United States.

**Answer to 18:** Taro Pharma admits that it is in the business of, among other things, developing certain generic pharmaceutical products. Taro Pharma and Taro USA deny any remaining allegations in paragraph 18.

19. On information and belief, Taro is the owner of ANDA No. 208563.

**Answer to 19:** Taro Pharma admits that it prepared, developed, and filed ANDA No. 208563. Taro Pharma and Taro USA deny any remaining allegations in paragraph 19.

20. On information and belief, Taro will market, distribute, and/or sell the generic products that are the subject of ANDA No. 208563 in the District of Delaware.

**Answer to 20:** For purposes of this action, Taro Pharma and Taro USA do not contest this Court's personal jurisdiction. Taro Pharma and Taro USA deny any remaining allegations in paragraph 20.

21. This Court has personal jurisdiction over Taro, by virtue of, *inter alia*, their activities (e.g., filing the ANDA No. 208563 seeking approval to market a generic version of Olux-E® prior to the expiration of the Patents-in-Suit along with a Paragraph IV certification regarding its intent to market a generic version of Olux-E® and sending notice of that Paragraph IV certification), which were purposefully directed to the State of Delaware, where Plaintiffs are organized. As a result, the consequences of Taro's actions were (and will be) suffered in Delaware. Taro knew or should have known that Plaintiffs are organized in Delaware and thus Taro knew or should have known that the consequences of its actions were (and will be) suffered in Delaware.

**Answer to 21:** Paragraph 21 contains legal conclusions to which no answer is required. To the extent an answer is required, for purposes of this action, Taro Pharma and Taro USA do not contest this Court's personal jurisdiction. Taro Pharma and Taro USA deny any remaining allegations in paragraph 21.

22. This Court also has personal jurisdiction over Taro because at the time Defendants sent notice of a Paragraph IV certification, it was reasonably foreseeable that Defendants would be sued within 45 days in this District, where Plaintiffs are organized.

**Answer to 22:** Paragraph 22 contains legal conclusions to which no answer is required. To the extent an answer is required, for purposes of this action, Taro Pharma and Taro USA do not contest this Court's personal jurisdiction. Taro Pharma and Taro USA deny any remaining allegations in paragraph 22.

23. This Court also has personal jurisdiction over Taro because, on information and belief, Taro has previously availed itself of this forum for purposes of litigating its patent disputes. For example, Taro brought a patent infringement lawsuit in this district to protect two patents on July 28, 2014 (C.A. No. 14-989 (RGA)). Taro USA was listed as a Plaintiff, and Taro states that it had filed the lawsuit in its Securities and Exchange Commission Form 20-F, for the

fiscal year ended March 31, 2015. Additionally, Taro USA brought another patent infringement lawsuit in this district on September 22, 2015 (C.A. No. 15-859 (RGA)).

**Answer to 23:** Paragraph 23 contains legal conclusions to which no answer is required. To the extent an answer is required, for purposes of this action, Taro Pharma and Taro USA do not contest this Court's personal jurisdiction. Taro Pharma and Taro USA deny any remaining allegations in paragraph 23.

24. Taro has not contested, and has otherwise submitted to, the personal jurisdiction of the United States District Court for the District of Delaware in numerous recent actions, such as at least *Vanda Pharmaceuticals Inc. v. Taro Pharmaceuticals USA, Inc. et al*, C.A. No. 1:15-cv-00920-GMS, *Salix Pharmaceuticals, Inc. et al v. Taro Pharmaceuticals U.S.A., Inc.*, C.A. No. 1:15-cv-00900-SLR, *Medicis Pharmaceutical Corporation v. Taro Pharmaceutical USA Inc. et al*, C.A. No. 1:10-cv-00359-SLR. Taro purposefully availed itself of the rights and benefits of this District by asserting counterclaims in this Court in a number of the foregoing actions.

**Answer to 24:** Paragraph 24 contains legal conclusions to which no answer is required. To the extent an answer is required, for purposes of this action, Taro Pharma and Taro USA do not contest this Court's personal jurisdiction. Taro Pharma and Taro USA deny any remaining allegations in paragraph 24.

25. On information and belief, Taro, directly, or through related companies, has engaged in substantial and continuous contacts with Delaware that satisfy due process and confer personal jurisdiction over Taro in Delaware.

**Answer to 25:** Paragraph 25 contains legal conclusions to which no answer is required. To the extent an answer is required, for purposes of this action, Taro Pharma and Taro USA do not contest this Court's personal jurisdiction. Taro Pharma and Taro USA deny any remaining allegations in paragraph 25.

## THE PATENTS-IN-SUIT

26. On May 4, 2004, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,730,288 ("the '288 patent"). A true and correct copy of the '288 patent is attached hereto as Exhibit A.

**Answer to 26:** Paragraph 26 contains legal conclusions to which no answer is required. To the extent an answer is required, Taro Pharma and Taro USA admit that the ’288 patent lists on its face an issue date of May 4, 2004. Taro Pharma and Taro USA further admit that Exhibit A purports to be a copy of the ’288 patent. Taro Pharma and Taro USA deny any remaining allegations in paragraph 26.

27. The ‘288 patent is titled “Mousse Composition” and is directed toward pharmaceutical aerosol foams that include an effective amount of a pharmaceutically active ingredient, an occlusive agent, an aqueous solvent, and an organic cosolvent.

**Answer to 27:** Paragraph 27 contains legal conclusions to which no answer is required. To the extent an answer is required, Taro Pharma and Taro USA admit that the title of the ’288 patent is “Mousse Composition.” Taro Pharma and Taro USA deny any remaining allegations in paragraph 27.

28. Defendant Steifel owns all rights, title and interest in the ‘288 patent and is the current assignee of the ‘288 patent.

**Answer to 28:** Taro Pharma and Taro USA lack sufficient knowledge or information to admit or deny that Stiefel owns all rights, title and interest in the ’288 patent and is the current assignee of the ’288 patent, and therefore Taro Pharma and Taro USA deny this allegation. Taro Pharma and Taro USA deny any remaining allegations in paragraph 28.

29. Plaintiff Delcor is the exclusive licensee of the ‘288 patent.

**Answer to 29:** Taro Pharma and Taro USA lack sufficient knowledge or information to admit or deny that Delcor is the exclusive licensee of the ’288 patent, and therefore Taro Pharma and Taro USA deny this allegation. Taro Pharma and Taro USA deny any remaining allegations in paragraph 29.

30. On April 18, 2006, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,029,659 (“the ‘659 patent”). On June 23, 2009, the United States Patent and Trademark Office duly and legally issued a reexamination certificate for the ‘659

patent. A true and correct copy of the ‘659 patent, including the reexamination certificate is attached hereto as Exhibit B.

**Answer to 30:** Paragraph 30 contains legal conclusions to which no answer is required. To the extent an answer is required, Taro Pharma and Taro USA admit that the ’659 patent lists on its face an issue date of April 18, 2006. Taro Pharma and Taro USA further admit that the *Ex Parte* Reexamination Certificate of the ’659 patent lists on its face an issue date of June 23, 2009. Taro Pharma and Taro USA further admit that Exhibit B purports to be a copy of the ’659 patent, including the reexamination certificate. Taro Pharma and Taro USA deny any remaining allegations in paragraph 30.

31. The ‘659 patent is titled “Mousse Composition” and is directed toward topical mousse foams that contain an occlusive agent, an aqueous solvent, and an organic cosolvent, in amounts sufficient to allow the occlusive agent to form an occlusive layer on the skin.

**Answer to 31:** Paragraph 31 contains legal conclusions to which no answer is required. To the extent an answer is required, Taro Pharma and Taro USA admit that the title of the ’659 patent is “Mousse Composition.” Taro Pharma and Taro USA deny any remaining allegations in paragraph 31.

32. Defendant Steifel owns all rights, title and interest in the ‘659 patent and is the current assignee of the ‘659 patent.

**Answer to 32:** Taro Pharma and Taro USA lack sufficient knowledge or information to admit or deny that Stiefel owns all rights, title and interest in the ’659 patent and is the current assignee of the ’659 patent, and therefore Taro Pharma and Taro USA deny this allegation. Taro Pharma and Taro USA deny any remaining allegations in paragraph 32.

33. Plaintiff Delcor is the exclusive licensee of the ‘659 patent.

**Answer to 33:** Taro lacks sufficient knowledge or information to admit or deny that Delcor is the exclusive licensee of the ’659 patent, and therefore Taro Pharma and Taro USA

deny this allegation. Taro Pharma and Taro USA deny any remaining allegations in paragraph 33.

34. Plaintiff Delcor holds New Drug Application ("NDA") No. N022013 for the manufacture and sale of clobetasol propionate topical aerosol foam 0.05%, which is marketed under the name Olux-E® in the United States.

**Answer to 34:** Paragraph 34 contains legal conclusions to which no answer is required. To the extent an answer is required, Taro Pharma and Taro USA admit, on information and belief, that Delcor is the holder of New Drug Application No. N022013 for the manufacture and sale of clobetasol propionate topical aerosol foam 0.05%. Taro Pharma and Taro USA further admit, on information and belief, a drug product under the name Olux-E® is marketed in the United States. Taro Pharma and Taro USA deny any remaining allegations in paragraph 34.

35. Plaintiff Prestium markets and distributes Olux-E® throughout the United States.

**Answer to 35:** Taro Pharma and Taro USA admit, on information and belief, that Prestium markets a drug product under the name Olux-E®. Taro Pharma and Taro USA deny any remaining allegations in paragraph 35.

36. Olux-E® is covered by one or more claims of both the '288 patent and '659 patent, which are listed in connection with Olux-E® in the FDA's publication, Approved Drug Products with Therapeutic Equivalence Evaluations (the "Orange Book") as patents "with respect to which a claim of patent infringement could reasonably be asserted if a person not licensed by the owner engaged in the manufacture, use, or sale of" clobetasol propionate emulsion foam 0.05%. See 21 U.S.C. § 355(b)(1).

**Answer to 36:** Paragraph 36 contains legal conclusions to which no answer is required. To the extent an answer is required, Taro Pharma and Taro USA admit that the '288 patent and '659 patent are listed in FDA's Orange Book in connection with the Olux-E® drug product. Taro Pharma and Taro USA deny any remaining allegations in paragraph 36.

## TARO'S INFRINGING ANDA SUBMISSION

37. On information and belief, Taro filed ANDA No. 208563 with the FDA in its name seeking approval to market a generic copy of Olux-E® (the "ANDA Product") prior to the expiration of the Patents-in-Suit. On information and belief, Taro intends to engage in the commercial manufacture, use and/or sale of the ANDA Product promptly upon receiving FDA approval to do so.

**Answer to 37:** Paragraph 37 contains legal conclusions to which no answer is required. To the extent an answer is required, Taro Pharma admits that it submitted ANDA No. 208563 to the FDA identifying the Olux-E® product. Taro Pharma further admits that it seeks approval to manufacture, use, and/or sell within the United States a clobetasol propionate foam, 0.05% w/w (emulsion) product prior to the expiration of the Patents-in-Suit. Taro Pharma and Taro USA deny any remaining allegations in paragraph 37.

38. Taro's ANDA No. 208563 contains a "Paragraph IV" certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) alleging that the Patents-in-Suit are "invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, or sale" of the ANDA Product.

**Answer to 38:** Taro Pharma admits that ANDA No. 208563 included a written certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) that certified to the FDA that in the opinion of Taro Pharma, and to the best of Taro Pharma's knowledge, the claims of the Patents-in-Suit are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use or sale of the drug products described in ANDA No. 208563. Taro Pharma and Taro USA deny any remaining allegations in paragraph 38.

39. On or about January 18, 2016, Plaintiffs received a letter dated January 15, 2016 (the "Notice Letter") purporting to be notice of Taro's ANDA No. 208563 and "Paragraph IV" certification(s) under § 505(j)(2)(B)(iv) of the Federal Food, Drug, and Cosmetic Act.

**Answer to 39:** Taro Pharma admits that on January 15, 2016, it sent to Delcor and Stiefel a notice letter pursuant to 21 U.S.C. § 505(j)(2)(B)(iv) identifying the filing of an ANDA, assigned number 208563, seeking approval to manufacture, use, and/or sell within the United

States a clobetasol propionate foam, 0.05% w/w (emulsion) product prior to the expiration of the Patents-in-Suit. Taro Pharma further admits that the notice letter included notice of Taro's certification to the FDA that in the opinion of Taro Pharma, and to the best of Taro Pharma's knowledge, the claims of the Patents-in-Suit are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use or sale of the drug products described in ANDA No. 208563. Taro Pharma and Taro USA deny any remaining allegations in paragraph 39.

40. On information and belief, ANDA No. 208563 seeks approval of Taro's ANDA Product that is the same, or substantially the same, as Olux-E®.

**Answer to 40:** Paragraph 40 contains legal conclusions to which no answer is required. To the extent an answer is required, Taro Pharma admits that it submitted ANDA No. 208563 to FDA identifying the Olux-E® product. Taro Pharma further admits that it seeks approval to manufacture, use, and/or sell within the United States a clobetasol propionate foam, 0.05% w/w (emulsion) product. Taro Pharma and Taro USA deny any remaining allegations in paragraph 40.

41. This action was commenced by Plaintiffs within 45 days of Plaintiffs' receipt of the Notice Letter.

**Answer to 41:** On information and belief, Taro Pharma and Taro USA admit that Plaintiffs filed their Complaint in this action on March 1, 2016, which is within 45 days of January 18, 2016. Taro Pharma and Taro USA deny any remaining allegations in paragraph 41.

42. Taro's submission of ANDA No. 208563 is an act of infringement of the Patents-in-Suit under 35 U.S.C. § 271(e)(2)(A).

**Answer to 42:** Taro Pharma and Taro USA deny the allegations in paragraph 42.

**COUNT I: INFRINGEMENT OF THE '288 PATENT**

43. Plaintiffs incorporate and reallege paragraphs 1 through 42 above, as if set forth in full herein.

**Answer to 43:** Taro Pharma and Taro USA repeat and reallege the responses in paragraphs 1-42 of this Answer, as set forth above, and incorporates them by reference as if fully set forth herein.

44. Taro had knowledge of the '288 patent when it submitted and filed ANDA No. 208563.

**Answer to 44:** Taro Pharma admits that it had knowledge of the '288 patent when it submitted and filed ANDA No. 208563. Taro Pharma and Taro USA deny any remaining allegations in paragraph 44.

45. Taro's filing of ANDA No. 208563 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale and/or importation into the United States of the ANDA Product before the expiration date of the '288 patent is an act of infringement of the '288 patent under 35 U.S.C. § 271(e)(2)(A).

**Answer to 45:** Taro Pharma and Taro USA deny the allegations in paragraph 45.

46. On information and belief, unless enjoined by this Court, Taro plans and intends to engage in the manufacture, use, offer for sale, sale, and/or importation into the United States of the ANDA Product immediately following the FDA's approval of ANDA No. 208563.

**Answer to 46:** Taro Pharma admits that it submitted ANDA No. 208563 to FDA seeking approval to manufacture, use, and/or sell within the United States a clobetasol propionate foam, 0.05% w/w (emulsion) product. Taro Pharma and Taro USA deny any remaining allegations in paragraph 46.

47. On information and belief, Taro's ANDA Product, will, if approved and manufactured, used, offered for sale, sold, and/or imported into the United States, infringe, either literally or under the doctrine of equivalents, at least one claim of the '288 patent.

**Answer to 47:** Taro Pharma and Taro USA deny the allegations in paragraph 47.

48. The commercial manufacture, use, offer for sale, sale, and/or importation into the United States of the ANDA Product, would infringe, literally or under the doctrine of equivalents, one or more claims of the '288 patent under 35 U.S.C. § 271(a).

**Answer to 48:** Taro Pharma and Taro USA deny the allegations in paragraph 48.

49. Plaintiffs are entitled to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the FDA set the effective date of approval for Defendants ANDA No. 208563 to be a date which is not any earlier than the expiration date of the '288 patent, including any extensions of that date.

**Answer to 49:** Taro Pharma and Taro USA deny the allegations in paragraph 49.

50. Unless Defendants are enjoined from the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of the ANDA Product, Plaintiffs will suffer substantial and irreparable harm for which they have no adequate remedy at law.

**Answer to 50:** Taro Pharma and Taro USA deny the allegations in paragraph 50.

**COUNT II: DECLARATORY JUDGMENT**
**OF INFRINGEMENT OF THE '288 PATENT**

51. Plaintiffs incorporate and reallege paragraphs 1 through 50 above, as if set forth in full herein.

**Answer to 51:** Taro Pharma and Taro USA repeat and reallege the responses in paragraphs 1-50 of this Answer, as set forth above, and incorporates them by reference as if fully set forth herein.

52. These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

**Answer to 52:** Paragraph 52 contains legal conclusions to which no answer is required. To the extent an answer is required, Taro Pharma and Taro USA admit that Plaintiffs assert that their claims arise under 28 U.S.C. §§ 2201 and 2202. Taro Pharma and Taro USA deny any remaining allegations in paragraph 52.

53. There is an actual case or controversy such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

**Answer to 53:** Paragraph 53 contains legal conclusions to which no answer is required. To the extent an answer is required, Taro Pharma and Taro USA admit that Plaintiffs assert that

there is an actual case or controversy. Taro Pharma and Taro USA deny any remaining allegations in paragraph 53.

54. Taro has made, and will continue to make, substantial preparation in the United States to manufacture, use, offer to sell, sell, and/or import into the United States Taro's ANDA Product before the expiration of the '288 patent, including Taro's filing of ANDA No. 208563.

**Answer to 54:** Paragraph 54 contains legal conclusions to which no answer is required. To the extent an answer is required, Taro Pharma admits that it submitted ANDA No. 208563 to FDA seeking approval to manufacture, use, and/or sell within the United States a clobetasol propionate foam, 0.05% w/w (emulsion) product prior to the expiration of the '288 patent. Taro Pharma and Taro USA deny any remaining allegations in paragraph 54.

55. On information and belief, any commercial manufacture, use, offer for sale, sale, and/or importation of Taro's ANDA Product will directly infringe, either literally or under the doctrine of equivalents, at least one claim of the '288 patent under 35 U.S.C. § 271(a).

**Answer to 55:** Taro Pharma and Taro USA deny the allegations in paragraph 55.

56. Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer for sale, sale, and/or importation into the United States of Taro's ANDA Product will constitute infringement of at least one claim of the '288 patent under 35 U.S.C. § 271(a).

**Answer to 56:** Taro Pharma and Taro USA deny the allegations in paragraph 56.

**COUNT III: INFRINGEMENT OF THE '659 PATENT**

57. Plaintiffs incorporate and reallege paragraphs 1 through 42 above, as if set forth in full herein.

**Answer to 57:** Taro Pharma and Taro USA repeat and reallege the responses in paragraphs 1-42 of this Answer, as set forth above, and incorporates them by reference as if fully set forth herein.

58. Taro had knowledge of the '659 patent when it submitted and filed ANDA No. 208563.

**Answer to 58:** Taro Pharma admits that it had knowledge of the ’659 patent when it submitted and filed ANDA No. 208563. Taro Pharma and Taro USA deny any remaining allegations in paragraph 58.

59. Taro’s filing of ANDA No. 208563 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale and/or importation into the United States of the ANDA Product before the expiration date of the ‘659 patent is an act of infringement of the ‘659 patent under 35 U.S.C. § 271(e)(2)(A).

**Answer to 59:** Taro Pharma and Taro USA deny the allegations in paragraph 59.

60. On information and belief, unless enjoined by this Court, Taro plans and intends to engage in the manufacture, use, offer for sale, sale, and/or importation into the United States of the ANDA Product immediately following the FDA’s approval of ANDA No. 208563.

**Answer to 60:** Taro Pharma admits that it submitted ANDA No. 208563 to FDA seeking approval to manufacture, use, and/or sell within the United States a clobetasol propionate foam, 0.05% w/w (emulsion) product. Taro Pharma and Taro USA deny any remaining allegations in paragraph 60.

61. On information and belief, Taro’s ANDA Product, will, if approved and manufactured, used, offered for sale, sold, and/or imported into the United States, infringe, either literally or under the doctrine of equivalents, at least one claim of the ‘659 patent.

**Answer to 61:** Taro Pharma and Taro USA deny the allegations in paragraph 61.

62. The commercial manufacture, use, offer for sale, sale, and/or importation into the United States of the ANDA Product, would infringe, literally or under the doctrine of equivalents, one or more claims of the ‘659 patent under 35 U.S.C. § 271(a).

**Answer to 62:** Taro Pharma and Taro USA deny the allegations in paragraph 62.

63. Plaintiffs are entitled to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the FDA set the effective date of approval for Defendants ANDA No. 208563 to be a date which is not any earlier than the expiration date of the ‘659 patent, including any extensions of that date.

**Answer to 63:** Taro Pharma and Taro USA deny the allegations in paragraph 63.

64. Unless Defendants are enjoined from the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of the ANDA Product, Plaintiffs will suffer substantial and irreparable harm for which they have no adequate remedy at law.

**Answer to 64:** Taro Pharma and Taro USA deny the allegations in paragraph 64.

**COUNT IV: DECLARATORY JUDGMENT**
**OF INFRINGEMENT OF THE '659 PATENT**

65. Plaintiffs incorporate and reallege paragraphs 1 through 42 and 57 through 64 above, as if set forth in full herein.

**Answer to 65:** Taro Pharma and Taro USA repeat and reallege the responses in paragraphs 1-42 and 57-64 of this Answer, as set forth above, and incorporates them by reference as if fully set forth herein.

66. These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

**Answer to 66:** Paragraph 66 contains legal conclusions to which no answer is required. To the extent an answer is required, Taro Pharma and Taro USA admit that Plaintiffs assert that their claims arise under 28 U.S.C. §§ 2201 and 2202. Taro Pharma and Taro USA deny any remaining allegations in paragraph 66.

67. There is an actual case or controversy such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

**Answer to 67:** Paragraph 67 contains legal conclusions to which no answer is required. To the extent an answer is required, Taro Pharma and Taro USA admit that Plaintiffs assert that there is an actual case or controversy. Taro Pharma and Taro USA deny any remaining allegations in paragraph 67.

68. Taro has made, and will continue to make, substantial preparation in the United States to manufacture, use, offer to sell, sell, and/or import into the United States Taro's ANDA Product before the expiration of the '659 patent, including Taro's filing of ANDA No. 208563.

**Answer to 68:** Paragraph 68 contains legal conclusions to which no answer is required. To the extent an answer is required, Taro Pharma admits that it submitted ANDA No. 208563 to the FDA seeking approval to manufacture, use, and/or sell within the United States a clobetasol propionate foam, 0.05% w/w (emulsion) product prior to the expiration of the ’659 patent. Taro Pharma and Taro USA deny any remaining allegations in paragraph 68.

69. On information and belief, any commercial manufacture, use, offer for sale, sale, and/or importation of Taro’s ANDA Product will directly infringe, either literally or under the doctrine of equivalents, at least one claim of the ‘659 patent under 35 U.S.C. § 271(a).

**Answer to 69:** Taro Pharma and Taro USA deny the allegations in paragraph 69.

70. Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer for sale, sale, and/or importation into the United States of Taro’s ANDA Product will constitute infringement of at least one claim of the ‘659 patent under 35 U.S.C. § 271(a).

**Answer to 70:** Taro Pharma and Taro USA deny the allegations in paragraph 70.

## EXCEPTIONAL CASE

71. This case is exceptional, and Plaintiffs are entitled to an award of attorneys’ fees under 35 U.S.C. § 285.

**Answer to 71:** Taro Pharma and Taro USA deny the allegations in paragraph 71.

* * *

Taro Pharma and Taro USA deny any remaining allegations not expressly admitted or responded to herein. Taro Pharma and Taro USA further deny that Plaintiffs are entitled to the relief requested in paragraphs A-N of the Prayer for Relief or to any relief whatsoever. Taro Pharma and Taro USA respectfully request that the Court: (a) dismiss the Complaint with prejudice; (b) deny all relief requested by Plaintiffs; (c) enter judgment in favor of Taro Pharma and Taro USA; (d) award Taro Pharma and Taro USA the reasonable attorneys’ fees and costs of

defending this action pursuant to 35 U.S.C. § 285; and (e) award Taro Pharma and Taro USA such further relief as the Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

72. Without prejudice to the denials set forth in its Answer, without admitting any averments of the Complaint not otherwise admitted, and without any admission as to the burden of proof, Taro Pharma and Taro USA state the following defenses to the allegations of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

73. The purported claim for relief in the Complaint is barred for failure to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

74. The purported claim for relief in the Complaint is barred for failure to properly join the patent owner of the Patents-in-Suit as an indispensable party.

### THIRD AFFIRMATIVE DEFENSE

75. The purported claim for relief in the Complaint is barred due to Plaintiffs' lack of standing.

### FOURTH AFFIRMATIVE DEFENSE

76. The manufacture, use, sale, offer for sale, or importation of the products described in ANDA No. 208563 has not infringed, does not infringe, and would not infringe, if marketed, any valid and enforceable claim of the '288 patent, either directly or indirectly, and either literally or under the doctrine of equivalents.

**FIFTH AFFIRMATIVE DEFENSE**

77. The ’288 patent and the claims thereof are invalid under one or more provisions of the U.S. Code, including but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, 282, and/or the doctrine of obvious-type double patenting.

**SIXTH AFFIRMATIVE DEFENSE**

78. The manufacture, use, sale, offer for sale, or importation of the products described in ANDA No. 208563 has not infringed, does not infringe, and would not infringe, if marketed, any valid and enforceable claim of the ’659 patent, either directly or indirectly, and either literally or under the doctrine of equivalents.

**SEVENTH AFFIRMATIVE DEFENSE**

79. Plaintiffs’ infringement claim is barred as a result of prosecution history estoppel, prosecution history disclaimer, and/or due to statements or amendments made during prosecution of the applications which issued as the Patents-in-Suit, or related patents and applications, or during any other proceedings in the U.S. Patent and Trademark Office or in court.

**EIGHTH AFFIRMATIVE DEFENSE**

80. By operation of 35 U.S.C. § 288, Plaintiffs are precluded from recovering costs in connection with this action.

**NINTH AFFIRMATIVE DEFENSE**

81. Taro Pharma and Taro USA reserve the right to assert any additional defenses or counterclaims that discovery may reveal.

## COUNTERCLAIMS AND CROSSCLAIMS

Defendants/Counterclaimants/Crossclaimants Taro Pharmaceutical Industries, Ltd. ("Taro Pharma") and Taro Pharmaceuticals U.S.A., Inc. ("Taro USA") (collectively, "Taro"), as its Counterclaims against Plaintiffs/Counterclaim-Defendants Delcor Asset Corporation ("Delcor") and Prestium Pharma, Inc. ("Prestium") (collectively, "Counterclaim-Defendants"), and its Crossclaims against Defendant/Crossclaim-Defendant Stiefel West Coast, LLC ("Stiefel") alleges as follows, based upon Taro's knowledge as to its own activities, and upon information and belief as to the activities of others:

## NATURE OF THE ACTION

1. This is an action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, the Federal Food, Drug, and Cosmetic Act, and the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, based upon an actual controversy between the parties to declare that Taro Pharma is free to continue to seek approval of its Abbreviated New Drug Application ("ANDA") No. 208563, and upon approval by the U.S. Food and Drug Administration ("FDA"), Taro Pharma and Taro USA are free to manufacture, use, market, sell, and offer to sell a clobetasol propionate foam, 0.05% w/w (emulsion) product, as described in ANDA No. 208563 in the United States.

## PARTIES

2. Counterclaimant/Crossclaimant Taro Pharma is a corporation organized and existing under the laws of Israel, having a place of business at 14 Hakitor Street, Haifa Bay 2624761, Israel.

3. Counterclaimant/Crossclaimant Taro USA is a company organized and existing under the laws of the State of New York, having a place of business at 3 Skyline Drive, Hawthorne, New York 10532.

4. Counterclaim-Defendant Delcor purports to be a corporation organized and existing under the laws of Delaware, having a principal place of business at 272 East Deerpath Road, Suite 220, Lake Forest, Illinois, 60045.

5. Counterclaim-Defendant Prestium purports to be a corporation organized and existing under the laws of Delaware, having a principal place of business at 411 S. State St., Suite E-100, Newtown, Pennsylvania 18940.

6. On information and belief, Crossclaim-Defendant Stiefel is a limited liability company organized and existing under the laws of Delaware, having a principal place of business at 3160 Porter Drive, Palo Alto, California 94304. On information and belief, Stiefel has a registered agent in Delaware, namely, Corporation Service Company, 2711 Centerville Rd. Suite 400, Wilmington, DE 19808.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction over the subject matter of these Counterclaims and Crossclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, 2202, and/or 21 U.S.C. § 355(j)(5)(C)(i)(II).

8. This Court has personal jurisdiction over Counterclaim-Defendants because Counterclaim-Defendants commenced and continue to maintain this action against Taro Pharma and Taro USA in this judicial district. In addition, Counterclaim-Defendant Delcor has not contested, and has otherwise submitted to, the personal jurisdiction of the United States District

Court for the District of Delaware in at least one other recent action, *Aptalis Pharma US, Inc. et al. v. Delcor Asset Corporation et al.*, C.A. No. 15-1210-LPS.

9. This Court has personal jurisdiction over Crossclaim-Defendant Stiefel, because Stiefel is a Delaware limited liability company and maintains a registered agent in Delaware. Stiefel purposefully availed itself of the rights and benefits of this District by registering itself as a limited liability company in the District of Delaware and maintaining a registered agent in the District of Delaware.

10. Venue is proper under 28 U.S.C. §§ 1391 and 1400, by Counterclaim-Defendants' choice of forum.

## FACTUAL BACKGROUND

11. Taro Pharma filed an ANDA, assigned number 208563 to the United States Food and Drug Administration ("FDA") seeking approval to engage in the commercial manufacture, use, or sale of a clobetasol propionate foam, 0.05% w/w (emulsion) product, as described in ANDA No. 208563 ("ANDA Products").

12. Counterclaim-Defendants filed a Complaint on March 1, 2016, seeking, *inter alia*, a judgment that Taro Pharma and Taro USA infringed one or more claims of U.S. Patent No. 6,730,288 ("the '288 patent") and U.S. Patent No. 7,029,659 ("the '659 patent") (collectively, "the Asserted Patents") by filing a paragraph IV certification as to the Asserted Patents in ANDA No. 208563.

13. On information and belief, Counterclaim-Defendants caused the FDA to list U.S. Patent No. 8,460,641 ("the '641 patent") and U.S. Patent No. 8,962,000 ("the '000 patent") (collectively, "the Unasserted OB Patents") , in addition to the Asserted Patents, in FDA's *Approved Drug Products with Therapeutic Equivalence Evaluations* ("Orange Book") in

connection with Olux-E®. (The ’641 patent and the ’000 patent are attached as Exhibits 1 and 2, respectively). By doing so, Counterclaim-Defendants represented that a claim of patent infringement could reasonably be asserted against any unlicensed manufacture, use, or sale of Olux-E®.

14. On information and belief, Stiefel purports to be the owner of all title, right, and interest in and to the Asserted Patents and the Unasserted OB Patents by assignment and therefore to have the full right to sue and recover for the infringement thereof.

15. By listing the Asserted Patents and the Unasserted OB Patents in the Orange Book, Counterclaim-Defendants created a reasonable apprehension that they and/or Stiefel would file a patent infringement action against applicants seeking regulatory approval for a clobetasol propionate foam, 0.05% w/w (emulsion) product, based on the Asserted Patents and the Unasserted OB Patents, including Taro Pharma, for the manufacture of a generic version of Olux-E®.

16. Taro Pharma submitted to the FDA, and is continuing to seek FDA approval of, ANDA No. 208563 directed to a clobetasol propionate foam, 0.05% w/w (emulsion) product.

17. Taro Pharma submitted to the FDA a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) (“Paragraph IV Certification”) that the Asserted Patents and the Unasserted OB Patents are invalid, unenforceable, and/or will not be infringed by the manufacture, use, or sale of the ANDA Products that are the subject of ANDA No. 208563.

18. Pursuant to subsection 505(j)(2)(B) of the Federal Food, Drug, and Cosmetic Act and § 315.95 of Title 21 of the U.S. Code of Federal Regulations, on January 15, 2016, Taro Pharma provided notice to Delcor and Stiefel of the Paragraph IV Certification with respect to the Asserted Patents and Unasserted OB Patents (“Notice Letter”).

19. As part of the Notice Letter, Taro Pharma provided Delcor and Stiefel with an offer of confidential access to ANDA No. 208563.

20. Delcor and/or Stiefel could have but did not bring an action for patent infringement against Taro Pharma and Taro USA based on the Unasserted OB Patents during the 45-day statutory period under 21 U.S.C. § 355(j)(5)(B)(iii) following receipt of the Notice Letter.

21. Since Counterclaim-Defendants brought a patent infringement action against Taro Pharma and Taro USA before the expiration of 45 days after Counterclaim-Defendants received a notice of Paragraph IV Certifications from Taro Pharma for the ’288 patent and the ’659 patent, pursuant to 21 U.S.C. § 355(j)(5)(B)(iii), Taro Pharma expects to receive approval from the FDA to engage in the commercial manufacture, use, or sale of the ANDA Products no earlier than the expiration of the thirty-month stay, thus allowing Taro Pharma and Taro USA to manufacture and market its ANDA Products in the United States.

## FIRST COUNTERCLAIM / FIRST CROSSCLAIM

### Declaratory Judgment of Noninfringement of U.S. Patent No. 6,730,288

22. Taro incorporates by reference and realleges each of the allegations set forth in paragraphs 1-21 of these Counterclaims and Crossclaims.

23. A present, genuine and justiciable controversy exists between Taro and Counterclaim-Defendants and Stiefel regarding, *inter alia*, whether the manufacture, use, sale, offer for sale, or importation of the ANDA Products would infringe the ’288 patent.

24. Because Counterclaim-Defendants maintain and Taro Pharma and Taro USA deny that the commercial manufacture, use, sale, offer for sale, and/or importation of the ANDA Products would directly and/or indirectly infringe the ’288 patent, either literally or under the

doctrine of equivalents, a declaration of rights between the parties is both appropriate and necessary.

25. Neither the filing of ANDA No. 208563 nor the manufacture, use, sale, offer for sale, or importation of the ANDA Products would infringe directly and/or indirectly any valid or enforceable claim of the ’288 patent, either literally or under the doctrine of equivalents.

26. A declaration that neither the filing of ANDA No. 208563 nor the manufacture, use, sale, offer for sale, or importation of the ANDA Products would infringe any valid or enforceable claim of the ’288 patent is appropriate and warranted.

## SECOND COUNTERCLAIM / SECOND CROSSCLAIM

### Declaratory Judgment of Invalidity of U.S. Patent No. 6,730,288

27. Taro incorporates by reference and realleges each of the allegations set forth in paragraphs 1-26 of these Counterclaims and Crossclaims.

28. A present, genuine and justiciable controversy exists between Taro and Counterclaim-Defendants and Stiefel regarding, *inter alia*, the validity of the ’288 patent.

29. Because Counterclaim-Defendants maintain and Taro Pharma and Taro USA deny that the ’288 patent and the claims thereof are valid and enforceable, a declaration of rights between the parties is both appropriate and necessary.

30. The ’288 patent and the claims thereof are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, 112, 282, and/or the doctrine of obviousness-type double patenting.

31. The ’288 patent describes and claims an alleged invention, the making of which did not involve the inventive faculty but only the obvious judgment, knowledge, and mechanical skill possessed by persons having ordinary skill in the art to which the alleged invention pertains.

32. The alleged invention of the ’288 patent does no more than combine familiar elements according to known methods to yield predictable results. Any alleged improvement over the prior art set forth in the ’288 patent is no more than the predictable use of prior art elements according to their established functions. A person of skill in the art would have been motivated to combine the teachings of the prior art to achieve the alleged invention of the ’288 patent and would have had a reasonable expectation of success in doing so.

33. The subject matter claimed in the ’288 patent fails to comply with 35 U.S.C. § 103 in that the differences between the subject matter claimed in the patent and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention was made to a person having knowledge of such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

34. A declaration that the ’288 patent and the claims thereof are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, 112, 282, and/or the doctrine of obviousness-type double patenting, is appropriate and warranted.

## THIRD COUNTERCLAIM / THIRD CROSSCLAIM

### Declaratory Judgment of Noninfringement of U.S. Patent No. 7,029,659

35. Taro incorporates by reference and realleges each of the allegations set forth in paragraphs 1-34 of these Counterclaims and Crossclaims.

36. A present, genuine and justiciable controversy exists between Taro and Counterclaim-Defendants and Stiefel regarding, *inter alia*, whether the manufacture, use, sale, offer for sale, or importation of the ANDA Products would infringe the ’659 patent.

37. Because Counterclaim-Defendants maintain and Taro Pharma and Taro USA deny that the commercial manufacture, use, sale, offer for sale, and/or importation of the ANDA

Products would directly and/or indirectly infringe the ’659 patent, either literally or under the doctrine of equivalents, a declaration of rights between the parties is both appropriate and necessary.

38. Neither the filing of ANDA No. 208563 nor the manufacture, use, sale, offer for sale, or importation of the ANDA Products would infringe directly and/or indirectly any valid or enforceable claim of the ’659 patent, either literally or under the doctrine of equivalents.

39. A declaration that neither the filing of ANDA No. 208563 nor the manufacture, use, sale, offer for sale, or importation of the ANDA Products would infringe any valid or enforceable claim of the ’659 patent is appropriate and warranted.

## FOURTH COUNTERCLAIM / FOURTH CROSSCLAIM

### Declaratory Judgment of Noninfringement of U.S. Patent No. 8,460,641

40. Taro incorporates by reference and realleges each of the allegations set forth in paragraphs 1-39 of these Counterclaims and Crossclaims.

41. A present, genuine and justiciable controversy exists between Taro and Counterclaim-Defendants and Stiefel regarding, *inter alia*, whether the manufacture, use, sale, offer for sale, or importation of the ANDA Products would infringe the ’641 patent.

42. Neither the filing of ANDA No. 208563 nor the manufacture, use, sale, offer for sale, or importation of the ANDA Products would infringe directly and/or indirectly any valid or enforceable claim of the ’641 patent, either literally or under the doctrine of equivalents.

43. A declaration that neither the filing of ANDA No. 208563 nor the manufacture, use, sale, offer for sale, or importation of the ANDA Products would infringe any valid or enforceable claim of the ’641 patent is appropriate and warranted.

## FIFTH COUNTERCLAIM / FIFTH CROSSCLAIM

**Declaratory Judgment of**
**Noninfringement of U.S. Patent No. 8,962,000**

44. Taro incorporates by reference and realleges each of the allegations set forth in paragraphs 1-43 of these Counterclaims and Crossclaims.

45. A present, genuine and justiciable controversy exists between Taro and Counterclaim-Defendants and Stiefel regarding, *inter alia*, whether the manufacture, use, sale, offer for sale, or importation of the ANDA Products would infringe the ’000 patent.

46. Neither the filing of ANDA No. 208563 nor the manufacture, use, sale, offer for sale, or importation of the ANDA Products would infringe directly and/or indirectly any valid or enforceable claim of the ’000 patent, either literally or under the doctrine of equivalents.

47. A declaration that neither the filing of ANDA No. 208563 nor the manufacture, use, sale, offer for sale, or importation of the ANDA Products would infringe any valid or enforceable claim of the ’000 patent is appropriate and warranted.

## PRAYER FOR RELIEF

WHEREFORE, Taro respectfully requests that the Court enter judgment as follows:

a. That the Complaint be dismissed and that all relief requested by Plaintiffs therein be denied;

b. That Taro and the ANDA Products have not infringed, are not infringing, and will not infringe, directly and/or indirectly, any valid and enforceable claim of the ’288, ’659, ’641, or ’000 patents, that Taro has a lawful right to proceed with the ANDA and to obtain FDA’s approval of ANDA No. 208563 and to manufacture, market, offer for sale, and sell the ANDA Products upon approval of ANDA No. 208563;

c. That each claim of the ’288 patent is invalid;

d. That the 30-month time period referred to within 21 U.S.C. § 355(j)(5)(B)(iii) be shortened to expire immediately;

e. That Plaintiffs and Stiefel and their agents, representatives, attorneys, and those persons in active concert or participation with them who receive notice therefor, be preliminarily and permanently enjoined from initiating infringement litigation against, or threatening Taro or any parties associated therewith (including Taro's customers) or charging any of them either orally or in writing with infringement, or inducement of infringement, or contributory infringement of the '288, '659, '641, or '000 patents;

f. That this is an exceptional case under 35 U.S.C. § 285, and therefore that Taro is entitled to an award of attorneys' fees, costs, and expenses in this action; and

g. That Taro be awarded such other further relief as this Court may deem just and proper.

*/s/ Chad M. Shandler*

Chad M. Shandler (#3796)
shandler@rlf.com
Arun J. Mohan (#6110)
mohan@rlf.com
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700

*Attorneys for Defendants/Counterclaimants/Crossclaimants Taro Pharmaceutical Industries, Ltd. and Taro Pharmaceuticals U.S.A., Inc.*

OF COUNSEL:

James K. Stronski
Anne Elise Herold Li
Chiemi D. Suzuki
Jacob Z. Zambrzycki
Preetha Chakrabarti
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, NY 10022-2524
(212) 223-4000

Craig P. Lytle
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, DC 20004-2595
(202) 624-2500

Dated: June 20, 2016

**CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2016, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to registered participants, and further certify that I caused copies of the foregoing document to be served upon the following via electronic mail:

Adam W. Poff (#3990)
Pilar G. Kraman (#5199)
Rodney Square
1000 N. King Street
Wilmington, DE 19801
(302) 571-6600
apoff@ycst.com
pkraman@ycst.com

Jeffrey R. Gargano
Kevin P. Shortsle
Zachary D. Miller
MCDERMOTT WILL & EMERY LLP
227 W Monroe Street, Suite 4400
Chicago, IL 60606
(312) 372-2000
jgargano@mwe.com
kshortsle@mwe.com
zmiller@mwe.com

Brian E. Farnan (#4089)
FARNAN LLP
919 N. Market Street, 12th Floor
Wilmington, Delaware 19801
(302) 777-0300
(302) 777-0301
bfarnan@farnanlaw.com

Kevin M. Flannery
Robert W. Ashbrook, Jr.
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
(215) 994-4000
Kevin.flannery@dechert.com
Robert.ashbrook@dechert.com

*/s/ Arun J. Mohan*
Arun J. Mohan (#6110)
mohan@rlf.com